Harper, J.
delivered the opinion of the Court.
The only ground relied on in this case, is the incompetency of the witness, Mr. Gadsden, who made the demand of the maker, and gave notice to the indorser of the note. It is argued, that lie is interested in the event of the suit, as it appears, that from his neglect in failing to give the notice in proper time, he will be liable to make good the amouut of the note, if the plaintiff should fail to recover; that, the record of recovery will be evidence in liis favour; and that the case does not come within the rule for admitting agents to give testimony from necessity, though they may have an interest, inasmuch as the matters testified to did not come within the purpose of his agency. The rule, is, I. think, correctly laid down in Starkie’s Treatise on Evidence, 2 vol. 768. After saying that an agent is in general a competent witness as to matters in the course of his agency: he adds, “ but where an action is brought against the principal for the neglect of his agent, and evidence has been giveii of such negligence, the agent is in general incompetent without a release, for there the verdict against the principal would be evidence in an action brought by him against the agent, and the exception from necessity does not apply, because culpable acts of negligence and misconduct are not to be considered as arising in the ordinary course of dealing; they are not so usually confined, as matters of trade and contract are, to the knowledge of the agent alone ; and the agent himself stands in a very different situation ; where the subject matter of his testimony arises in the ordinary course of his employment, there is not so strong a reason to discredit him, as there is where his misconduct is made the very ground of the proceeding, and where he would ultimately be responsible for the whole of the damages recovered.” The cases of Green v. The New River Company, 4 T. R. 590, and Field v. Mitch *185 ell, 6 Esp. N. P. C. 71, are referred to, and fully support the doctrine laid down.
In this case, the action was not against the principal, nor was the negligence of the agent the ground of the action. The present plaintiff can have no action against Mr. Gadsden. If he should fail to recover against the present defendant, and if this result should be the effect of the notary’s negligence, he may have an action against the bank; and in that action Mr. Gadsden could not be a witness. If a recovery should be had against the bank, the bank might have a right of recovery over against Mr. Gadsden. But the law is, that the interest which will disqualify a .witness, must be certain and immediate, and not remote and contingent. The verdict must be evidence for, or against the witness, and the Court inclines to let objections go to the credit rather than the competency of the witness.
It is true, that if the plaintiff recovers against the present defendant, he will have no right of action against the bank; because he will have sustained no damage, and therefore, it may be said that the verdict will be of benefit to the witness, by obviating the chance of his being made liable for negligence in a future action. But this is not the sort of interest that will disqualify a witness; nor is it in this sense that the law says the verdict must be evidence for or against him. We cannot say, on the evidence before us, whether he has been guilty of negligence or not.
The cases of Briggs v. Crick, 5 Esp. N. P. C. 99, Duncan v. Bell, 1 N. & M’C. 153, and Lightner v. Martin, 2 M’C. 214, are those which bear a strict analogy to the present. In these cases, in actions for breach of warranty of soundness of property, the vendor was allowed to call his vendor to prove the soundness. The witness had precisely the same sort of interest which exists in the present case. If the vendee plaintiff should fail to recover, the defendant would never have any right of action against his vendor, the witness ; but if he should recover, there might be a right of action against the witness. It is not like the action for breach of warranty of title. There the verdict certainly would be evidence for or against the person offered as a witness; for if the last vendor never had any title, it is certain that his vendor could have conveyed none. The motion is dismissed,